UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-04721-JLS-PD                           Date: July 07, 2023
Title: TenTen Wilshire LLC v. Dominic Smith

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

   V.R. Vallery                                           N/A
Deputy Clerk                                     Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANTS:

Not Present                                            Not Present

**PROCEEDINGS:** **(IN CHAMBERS) ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT, CASE NO. 23STUD04165.**

     Plaintiff TenTen LLC filed this unlawful detainer action against Defendant Dominic Smith on April 19, 2023, in Los Angeles County Superior Court, Case Number 23STUD04165. (*See* Doc. 1 at 6.) On June 15 2023, Defendant removed this action. (*Id.* at 1.) If a federal district court lacks subject matter jurisdiction, it must remand the case, and has the discretion to do so *sua sponte*. *See Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (citing 28 U.S.C. § 1447(c)). For the reasons discussed below, the Court REMANDS this case to the Los Angeles County Superior Court.

     When reviewing a notice of removal, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006)) (quotations and alterations omitted). Courts "strictly construe the removal statute against removal jurisdiction," thus "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Moreover, "[o]nly state-court actions that originally could have been filed in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-04721-JLS-PD　　　　　　　　　　　　　Date: July 07, 2023
Title: TenTen Wilshire LLC v. Dominic Smith

federal court may be removed to federal court by the defendant." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Smith attaches the underlying unlawful detainer form complaint ("Complaint") to his Notice of Removal. (Doc. 1 at 6.) The Complaint invokes neither the Court's federal question jurisdiction nor its diversity jurisdiction.

Unlawful detainer actions such as this do not arise under federal law; thus, the Court's federal question jurisdiction cannot be invoked. *See, e.g., IndyMac Fed. Bank, F.S.B. v. Ocampo*, No. 09-2337, 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject-matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *Galileo Fin. v. Miin Sun Park*, 2009 WL 3157411, at *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists.").

Moreover, the amount in controversy necessary to invoke the Court's diversity jurisdiction has not been met. *Compare* 28 U.S.C. § 1332 (conferring jurisdiction only "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs") *with* Doc. 1 at 8, Compl. at 1 (specifying the amount in controversy as between $10,000 and $25,000).

Defendant purports to invoke the Court's jurisdiction over bankruptcy matters. (*See* Doc. 1 at 1-2 (citing 28 U.S.C. §§ 157 & 1334).) However, the Notice of Removal does not set forth a bankruptcy case number, and it appears to be a pleading from another case recycled by the pro se Defendant for use here, where the cited authority is not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-04721-JLS-PD                                    Date: July 07, 2023
Title:  TenTen Wilshire LLC v. Dominic Smith

applicable.  (*See* Doc. 1 at 1-3 (referring to non-existent parties "Sandy Davis" and "Jones," setting for an incorrect state-law case number "19VEUD02558," and listing non-existent Exhibit 4 as a "Notice of Filing of Complaint for a Quiet Title Action").)  Moreover, the Court's search of the docket of the United States Bankruptcy Court for the Central District of California does not reveal the existence of a bankruptcy petition filed by Defendant.

   Accordingly, this case is HEREBY REMANDED to the Superior Court, County of Los Angeles, Case No. 23STUD04165.

                                                                              Initials of Deputy Clerk: KT